# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAROSLAVA SHAHIN,   CASE NO.:

    PLAINTIFF,

VS.

BARCLAYS BANK DELAWARE,   DEMAND FOR JURY TRIAL

    DEFENDANT.

_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, JAROSLAVA SHAHIN, (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, BARCLAYS BANK DELAWARE, (hereafter "Defendant"), and states as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4. Plaintiff is an individual who resides in Pinellas County, Florida.

5. Defendant is a nationally chartered bank and maintains its principal office at 125 South West Street, Wilmington, DE 19801.

6. Defendant is a "person" subject to regulations under 47 U.S.C. § 227(b) (1) and does business throughout the state of Florida, including Pinellas County, Florida

7. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Pinellas County, Florida, by the Defendant's placing of unlawful telephone calls to Plaintiff's cellular telephone.

8. Defendant, at all material times, was attempting to collect a debt relating to a Princess Cruises Credit Card, account number ending in -1734.

9. Plaintiff verbally revoked any prior express consent for Defendant to contact Plaintiff via Plaintiff's cellular telephone in September, 2014.

10. Plaintiff continued to revoke any prior express consent for Defendant to contact Plaintiff via Plaintiff's cellular telephone when she received calls from Defendant between September 2014 and December 2014.

11. Despite Plaintiff revoking her consent to be contacted via cellular telephone, Defendant continued to contact Plaintiff directly via cellular telephone.

12. All calls to Plaintiff's cell phone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

13. Plaintiff is the regular user and carrier of the cellular telephone number ending in -5605 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

14. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

15. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone up to six (6) times per day after Plaintiff revoked any alleged consent for Defendant to contact Plaintiff's cellular telephone.

16. Plaintiff is aware of at least three hundred fifty eight (358) phone calls that Defendant made to Plaintiff's cellular telephone between September 2014 and December 2014.

17. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

18. The following phone numbers, including, but not limited to, (866) 408-4070, (866) 456-0677, and 866-456-0684, are phone numbers Defendant used to call Plaintiff's cellular telephone.

19. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

20. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

21. Plaintiff did not speak with a representative during some of the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

22. Some of the representatives who called Plaintiff's cellular telephone sounded like an artificial or pre-recorded voice.

23. The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking her consent.

24. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

25. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

26. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

27. Plaintiff incorporates all allegations in paragraphs 1-26 above as if stated fully herein.

28. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

29. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

30. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

31. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, JAROSLAVA SHAHIN, demands judgment against Defendant, BARCLAYS BANK DELAWARE, for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's revocation.

b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Date: June 14, 2018                     **BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@bosslegal.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 449-8792
**Attorney for Plaintiff**